

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZAIQIN CHEN,

        Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No. 12-72645

Agency No. A099-446-468

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges and ZOUHARY,[**] District Judge.

Zaiqin Chen, a native and citizen of China, entered the United States in

2006. While Chen was living in China, his former girlfriend and his wife each

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

1

became pregnant and were forced by government family planning officials to undergo abortions. Based on the forced abortions and related events, Chen filed an affirmative application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). An immigration judge ("IJ") denied his application. Chen appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal. Chen challenges the BIA's determination that he failed to establish past persecution. We deny the petition.

1. Chen challenges only the BIA's determination that he failed to establish past persecution. He did not separately challenge in his opening brief the BIA's determination that he had not independently demonstrated a well-founded fear of persecution, or the BIA's determination that he failed to establish eligibility for CAT relief. Those issues are therefore waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013); *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

2. Chen alleges the BIA erred as a matter of law by requiring him to prove additional persecution beyond the forced abortions in order to establish past persecution. The BIA did not commit legal error in so doing.

Spouses of persons subjected to forced abortions are not "per se entitled to refugee status." *Matter of J–S–*, 24 I. & N. Dec. 520, 521 (BIA 2008). But they may qualify for political asylum if they can demonstrate persecution "for other resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42). "[S]uch applicants must present proof, of which their spouse's treatment may be a part, of persecution . . . for engaging in 'other resistance' to a coercive population control program." *Matter of J–S–*, 24 I. & N. at 535. That is, a spouse's forced abortion is part of the persecution analysis, but it cannot, without more, establish persecution. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014); *Jiang v. Holder*, 611 F.3d 1086, 1093–97 (9th Cir. 2010). The BIA therefore did not commit legal error when it held that the two forced abortions did not establish past persecution.

3. This court reviews the BIA's factual findings for substantial evidence. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under the substantial evidence standard, the BIA's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Substantial evidence supports the BIA's rejection of Chen's claim of persecution.

In *Jiang*, this court held that an individual whose girlfriend was forced to undergo an abortion and who suffered other harms "established past persecution on the basis of 'other resistance' to China's coercive population control policy." 611 F.3d at 1097. Chen's experiences were markedly different from and less extreme than Jiang's, and are not of the kind that have been held to sustain a determination of past persecution in the forced abortion or sterilization context.[1]

Unlike Jiang, Chen was not subjected to any government actions that had long term adverse impacts. Chen was detained for part of one day, during which he was not physically abused or otherwise mistreated. Chen was never expelled from school or forced to pay a fine, flee his home, or go into hiding. *Cf. id.* at 1089-90. Moreover, while authorities tried to arrest Jiang after his girlfriend was forced to

---

[1] That this is a forced abortion case is important to our persecution analysis. While an applicant seeking asylum under 8 U.S.C. § 1101(a)(42) must present evidence of persecution in addition to the spouse's forced abortion or sterilization, it is not necessary that the additional evidence be so severe that it could, standing alone, constitute persecution. In *Jiang*, for example, had Jiang's girlfriend not been forced to undergo an abortion, his other experiences with police and local officials would be insufficient to constitute persecution. *See, e.g.*, *He*, 749 F.3d at 796 (noting that economic persecution is "a 'substantial economic disadvantage' that interferes with the applicant's livelihood," and holding that substantial evidence supported the BIA's determination that He did not suffer such persecution); *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001) (holding that a five or six day detention where petitioner "was not beaten, tortured, or threatened" did not compel a finding of persecution).

4

have an abortion, Chen did not experience any threats from or problems with government authorities during the eight months he remained in China after his wife's forced abortion. Chen's wife has also not had any problems with government authorities since her forced abortion in 2005.

Considering "the totality of the circumstances," *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004), and "the cumulative effect of all the incidents a petitioner has suffered," *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998), including the two forced abortions, we are not persuaded that "a reasonable fact-finder would be compelled to conclude" that Chen was persecuted. *Khouassany v. INS*, 208 F.3d 1096, 1100 (9th Cir. 2000). We hold that substantial evidence supports the BIA's finding that Chen did not establish past persecution. DENIED.